**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANNY LEE,<br>Plaintiff,<br>v.<br>SCOTT KUPOR, Commissioner of Office of Personnel Management,<br>Defendant. | Case No.: 3:25-cv-02774-RBM-DDL<br>**ORDER:**<br>**(1) GRANTING IFP MOTION [Doc. 2]; and**<br>**(2) DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |

Before the Court is *pro se* Plaintiff Danny Lee's ("Plaintiff") Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Motion"). (Doc. 2.) The IFP Motion is **GRANTED**, but the Complaint (Doc. 1) is **DISMISSED without leave to amend** because the causes of action are either barred by *res judicata* or fail to state a claim upon which relief can be granted.

## I. BACKGROUND

Plaintiff alleges that he was hired by the Social Security Administration ("SSA") in 2009. (*Id.* at 5.) Plaintiff also alleges that during his employment, he was denied: sick leave, leave for surgery, reasonable accommodations, disability retirement, and workers' compensation. (*Id.* at 3–5.) Plaintiff also alleges that he was unable to appeal these denials

with the Office of Personnel Management ("OPM") because OPM required him to get a denial letter from SSA, and SSA ignored his requests for such a letter. (*See id.* at 6.)

The Complaint states that the following are "at issue in this case:" (1) 5 U.S.C. § 8451 Disability Retirement; (2) 5 U.S.C. § 6307 Sick Leave; (3) 5 C.F.R. § 630.401 Granting Sick Leave; (4) 5 U.S.C. § 5596 Back Pay Due to Unjustified Personnel Action; (5) the Family and Medical Leave Act ("FMLA"); (6) the Rehabilitation Act of 1973; and (7) the Fifth Amendment's Due Process Clause. (Doc. 1 at 3.)

## II. DISCUSSION

A motion to proceed *in forma pauperis* ("IFP") presents two issues. First, the Court must determine whether an applicant properly shows an inability to pay the $405[1] civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows [an] inability to pay initial fees or give security." S.D. Cal. Civ. R. 3.2(a). Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) ("1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). The Court addresses each in turn.

### A. IFP Motion

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs

---

[1] In addition to the $350 statutory fee, civil litigants typically must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); United States Courts, District Court Miscellaneous Fee Schedule § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty") (citation omitted). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235; *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993).

In his IFP Motion, Plaintiff attests that he is unable to afford the filing fee because he is unemployed and has lost his home. (Doc. 2 at 5.) Plaintiff represents that his monthly expenses (about $2,500) exceed his monthly income (about $2,100). (*Id.* at 2–4.) Plaintiff also notes that this Court previously granted him IFP status in another case. (*See id.* at 5 (citing *Lee v. Soc. Sec. Admin.* ("*Lee*"), Case No.: 3:24-cv-01492-RBM-DDL, ECF No. 3 (S.D. Cal. Sept. 2, 2025)).) In its "sound discretion," *Cal. Men's Colony*, 939 F.2d at 858, the Court finds that Plaintiff "cannot pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Plaintiff's IFP Motion (Doc. 2) is **GRANTED**.

**B. Screening Under 28 U.S.C. § 1915(e)**

Every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to mandatory screening by the Court under § 1915(e)(2)(B). *See Lopez*, 203 F.3d at 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). Under this provision, the Court must dismiss complaints that, among other things, fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). The Court

must liberally construe *pro se* pleadings, but it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As noted above, Plaintiff raises seven causes of action. (*See supra* Section I.) The first four must be dismissed because "there is no private cause of action under the federal statutes [and OPM regulations] Plaintiff cites." *Waggoner v. Walla Walla Cnty. Sheriff's Dep't*, No. 4:24-CV-05151-JAG, 2025 WL 1832324, at *1 (E.D. Wash. July 2, 2025). The fifth through seventh must be dismissed because they are barred by *res judicata*.

**1. No Private Cause of Action**

Plaintiff's first four causes of action assert violations of: (1) 5 U.S.C. § 8451; (2) 5 U.S.C. § 6307; (3) 5 C.F.R. § 630.401; and (4) 5 U.S.C. § 5596. (Doc. 1 at 3.) But these statutes and OPM regulations "do[ ] not create a right of relief." *Leath v. Stetson*, 686 F.2d 769, 771 (9th Cir. 1982). Rather, they "provide[ ] relief only to employees who, on the basis of a timely appeal, are found by an appropriate authority to have been adversely and unjustifiably affected by an improper personnel action." *Id.* (dismissing cause of action brought under Back Pay Act, 5 U.S.C. § 5596 because the Back Pay Act provides no right to relief); *see also Strausbaugh v. IRS*, CIVIL ACTION NO. 1:24-cv-58-TPM-RPM, 2025 WL 846588, at *3–5 (S.D. Miss. Mar. 18, 2025) (dismissing causes of action brought under sick leave provisions, 5 U.S.C. § 6307 and 5 C.F.R. § 630.401, because "an alleged violation of OPM guidelines does not create a private right of action") (citation modified).

These statutes and regulations stem from the Federal Employees' Retirement Systems Act ("FERS"), the Civil Service Reform Act ("CSRA"), or amendments to the same. Under each statute or regulation, an aggrieved plaintiff may seek review not with the district court, but with OPM, the Merit Systems Protection Board ("MSPB"), or, if necessary, the Federal Circuit:

> As a general matter, [CSRA] and [FERS] preclude district court review of challenges to federal employee retirement benefits determinations. Those statutes provide for administrative review, with final agency decisions subject

> to appeal directly to the U.S. Court of Appeals for the Federal Circuit. . . .
>
> [FERS] establishes a system of retirement benefits for federal employees and their survivors. With limited exceptions, it tasks [OPM] with administering that system and "adjudicat[ing] all claims under [FERS] administered by [OPM]." *Id.* § 8461(b), (c). As relevant here, [FERS] channels claims regarding OPM benefits determinations through the CSRA's two-tier system of review, beginning with the [MSPB]. *See id.* § 8461(e)(1). [FERS] provides that, subject to certain exceptions, "an administrative action or order affecting the rights or interests of an individual or of the United States under the provisions of [FERS] administered by [OPM] may be appealed to the [MSPB] under procedures prescribed by the Board." *Id.*

*Fed. L. Enf't Officers Ass'n v. Ahuja*, 62 F.4th 551, 554–55 (D.D.C. 2023); *see also Katyal v. Brennan*, No. 2:15-cv-1021-TLN-EFB PS, 2017 WL 4012312, at *5 n.9 (E.D. Cal. Sept. 12, 2017) (citing 5 U.S.C. § 8461(c) (OPM "shall adjudicate all claims under" FERS)); *Rodriguez v. United States*, 852 F.3d 67, 83 (1st Cir. 2017) (noting that FERS and the CSRA apply to federal employee "retirement claims, which are first reviewed by OPM and thereafter by the MSPB and the Federal Circuit").

Plaintiff alleges that OPM has made it "impossible" for him to seek review of the denials at issue in this case. (Doc. 1 at 6.) This is not true. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (holding that a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit"). Although Plaintiff may have had difficulty appealing his denials, he did, in fact, take advantage of the full review process. As this Court explained in *Lee*, an administrative law judge denied Plaintiff's grievances related to SSA's alleged adverse employment actions. 2026 WL 1990769, at *1. Plaintiff appealed that decision to the MSPB, which issued a final order affirming the administrative law judge's decision. *Id.* Plaintiff then appealed that final order to the Federal Circuit, which in turn transferred the case to the district court pursuant to 5 U.S.C. §§ 7702, 7703(b)(2). *Id.* The district court dismissed Plaintiff's claims. *Id.* at *5. Accordingly, the Court finds that Plaintiff was afforded the process he was due with respect to his first four causes of action, and that the process tendered him no relief. Because he may not relitigate these issues, and because the statutes and regulations

he invokes provide no private causes of action, his first four causes of action are **DISMISSED**.

**2. *Res Judicata***

Plaintiff's fifth through seventh causes of action fail to state a claim upon which relief may be granted because they are foreclosed by *res judicata*. *See Sowinski v. Cal. Air Res. Bd.*, Case No. 18-CV-03979-LHK, 2018 WL 9841114, at *2–3 (N.D. Cal. Sept. 25, 2018) (dismissing complaint on IFP screening as barred by *res judicata*). The doctrine of *res judicata* "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). An earlier lawsuit is precluded if it "(1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Sidhu v. Flecto Co., Inc.*, 279 F.3d 896, 900 (9th Cir. 2002).

Plaintiff has previously sued Defendant's privies. *See Lee v. Berryhill*, 15 Civ. 1472 (KPF), 2019 WL 367834 (S.D.N.Y. Jan. 30, 2019) (granting the defendant's motion for summary judgment regarding Plaintiff's retaliation claim); *Lee v. Saul*, 19 Civ. 6553 (PGG) (SN), 20 Civ. 2956 (PGG) (SN), 2022 WL 873511 (S.D.N.Y. Mar. 23, 2022) (dismissing with prejudice Plaintiff's complaint alleging retaliation, obstruction of justice, and violations of the Rehabilitation Act, Title VII, the Americans with Disabilities Act, the FMLA, the No Fear Act, and the National Labor Relations Act ("NLRA")); *Lee*, 2026 WL 1990769 (dismissing with prejudice Plaintiff's complaint alleging violations of the FMLA, the NLRA, the Rehabilitation Act, the Americans with Disabilities Act, and due process). There can be no dispute that these lawsuits reached final judgments on the merits. There can also be no dispute that Plaintiff's causes of action under the FMLA, the Rehabilitation Act, and the Fifth Amendment are the same causes of action brought in the previous lawsuits. The Court thus analyzes only whether the previous lawsuits involved "identical parties or privies." *Sidhu*, 279 F.3d at 900.

Privity exists when a defendant is so identified in interest with another that he represents, or is "sufficiently close to," the same legal right. *See Trujillo v. Santa Clara*

*Cnty.*, 775 F.2d 1359, 1367 (9th Cir. 1985) (citation omitted). "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940) (citation omitted); *see also Middleton v. U.S. Dep't of Labor*, 318 F. Supp. 3d 81, 87 (D.D.C. 2018) ("[F]ederal agencies are in privity with the United States Government for purposes of *res judicata*, meaning that a previous lawsuit against any federal agency can have a preclusive effect on all future litigation against the Government.") (citing *Mervin v. FTC*, 591 F.2d 821, 830 (D.C. Cir. 1978)).

Although Plaintiff sued the Commissioner of OPM in this action, and sued SSA or its Commissioner in the previous lawsuits, Plaintiff's allegations demonstrate that these defendants are in privity with each other. In the previous lawsuits, Plaintiff alleged that SSA or its Commissioner denied him sick leave, denied his requests for accommodations, and obstructed his attempts to appeal these denials to OPM and the Federal Circuit. *See Lee*, 2026 WL 1990769, at *2. In the instant action, Plaintiff alleges that it is now the Commissioner of OPM who has denied him sick leave, denied his requests for accommodations, and obstructed his attempts to appeal these denials to OPM. (Doc. 1 at 3–6.) Accordingly, the interests of SSA and the interests of OPM are "sufficiently close to" the same legal right. *Trujillo*, 775 F.2d at 1367; *see also Mizuno v. Wyndham Destinations, Inc.*, CIVIL No. 21-00391-WRP, 2021 WL 4889823, at *2 (D. Haw. Sept. 28, 2021) (finding "different corporate entities" named as defendants in successive lawsuits to be in privity because the plaintiff "contend[ed] each named defendant was her employer and responsible for the discriminatory and retaliatory conduct, . . . indicat[ing] shared interests between the two named defendants"); *Rosenthal v. Nevada*, 514 F. Supp. 907, 912 (D. Nev. 1981) ("[T]he bringing in of additional parties in the second suit that contributed to the same alleged wrong in the first suit [ ] does not violate the requirement for identity of the parties in the application of the doctrine of res judicata."). The Court thus finds that the previous lawsuits involved "identical parties or privies." *Sidhu*, 279 F.3d at 900.

Because all the *Sidhu* elements are satisfied, the Court finds that Plaintiff's fifth through seventh causes of action are barred by *res judicata* and must be **DISMISSED**.

**3. Leave to Amend**

The Court will not grant leave to amend because amendment would be futile. Rule 15 requires that leave to amend "be freely given when justice so requires," and "[t]his policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Although a court should regularly consider five factors when deciding whether to grant leave to amend, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), futility alone can justify the denial of a motion to amend. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted). In this case, any further amendment would be futile because Plaintiff's claims are either barred by *res judicata* or fail for lack of a private cause of action. *See Dommisse v. Napolitano*, 474 F. Supp. 2d 1121, 1129 (D. Ariz. 2007) ("Because of *res judicata*, this is a case where no amendment can cure the defects.") (citation omitted); *Robinson v. Fremont Hotel & Casino*, Case No.: 2:24-cv-01977-RFB-MDC, 2025 WL 2781757, at *2 (D. Nev. Sept. 29, 2025) ("[B]ecause there is no private cause of action, amendment is futile.") (citation omitted).

## III. CONCLUSION

Based on the foregoing, Plaintiff's IFP Motion (Doc. 2) is **GRANTED**, but Plaintiff's Complaint (Doc. 1) is **DISMISSED without leave to amend**. The Clerk of Court is directed to CLOSE this case.

**IT IS SO ORDERED.**

DATE: October 15, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE